B25A (Official Form 25A) (12/08)

E-Filed 7/1/2010

# United States Bankruptcy Court
District of Nevada

In re: Never Enough Ballroom

Case No.09-53082-GWZ

Debtor

Small Business Case under Chapter 11

## DEBTORS'S PLAN OF REORGANIZATION, DATED JULY 1st, 2010

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Never Enough Ballroom (the "Debtor") from cash flow from operations, or future income].

This Plan provides for __0___ classes of secured claims; __2__ classes of unsecured claims; and __1__ class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 to 70 cents on the dollar. Timing and amount depends on debtor's ability to pay. This Plan also provides for the payment of administrative claims in full on the Effective Date. Priority Tax Claims are unclassified and will be paid in full over 5 years. Priority Wage Claims will be paid in full over 5 years.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 ____ There are no secured claims known at this time and therefore there is no class 1.

2.02 Class 2. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.03 Class 3. All unsecured claims allowed under § 502 of the Code, if any.

2.04 Class 4 . Equity interests of the Debtor (Members).

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 Priority Tax Claims. Each holder of a priority tax claim will be paid regular installment payments in cash—
(i) of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim (ii) over a period ending not later than 5 years after the date of the order for relief, and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim.

3.04 United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE Plan

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 2 - Priority Unsecured Claims (unpaid pre-petition wages) NONE | impaired | Class 2 is impaired by this Plan, and each holder of an allowed Class 2 Priority Claim will be paid in full in equal monthly payments starting 6 months after the Effective Date of this Plan. Not to exceed 5 years from order of relief. Class 2 claims will bear simple interest at the rate of 4% per annum or such other interest rate as required by law. |
| Class 3 - General Unsecured Creditors | Impaired | Equal monthly payments starting 6 months after the Effective Date of the Plan. Payments will include simple interest at the rate of 4% per annum on the allowed amount of the claim, provided however that, as an incentive to rapid payment, Debtor may pay allowed Class 3 Claims in full by paying 10% of the Class 3 claims within 6 months of the Effective Date; or 20% of the allowed Class 3 claims within 18 months of the Effective Date; or 40% of the allowed Class 3 claims within 30 months of the Effective Date; or 55% of the allowed Class 3 claims withing 42 months of the Effective Date or 75% of the allowed Class 3 claims within 54 months of the Effective Date. |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired. | N/A |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effecive date of this Plan as provided in Article VIII:

City Developers Inc. Sacramento, Ca. Debtor's current space lease.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/ or unexpired leases not expressly assumed under section 6.01(a) above, or by order entered on or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE Plan

Debtor has no ability to borrow. Therefore, all payments to be made under this plan will come out of cash flow generated by continued operations. Straight-line projections based on post-petition operations will not produce sufficient cash flow. Therefore, Debtor's current Members/ Managers, Henry M. Feilen, Susan M. Feilen, and Patricia A. Ehlers, have recently started new advertising procedures. We have moved to the new building, got a street sign out to help people find us. We have created a new Never Enough Ballroom Face-Book page that we are starting to promote our classes. It is Debtor's opinion that all of these projects and the others stated in our Disclosure Statement will bring in the capital necessary to implement the Plan.

Debtor has consulted with Linda Green, CPA at 253-370-9621. She has reviewed our Plan and our Projections. She found them to be realistic, feasible and workable. She is willing to appear before the court to discuss our Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01 Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02 Effective Date of Plan. The Effective Date of this Plan is the first judicial day of the sixth full month following the date of the entry of the order of confirmation.

8.03 Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04 Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05 Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06 Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX
## DISCHARGE

Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

**ARTICLE X**
**OTHER PROVISIONS**

**None**

Respectfully submitted,

Pat Ehers, Managing Member
Never Enough Ballroom, LLC (Plan Proponent)

White Law Chartered

By____________________
John White, Esq. (Attorney for Plan Proponent)