B25B (Official Form 25B) (12/08) Page 1

# United States Bankruptcy Court
Reno   District of Nevada

In re: Never Enough Ballroom  
Debtor

Case No. 09-53082-GWZ  
Small Business Case under Chapter 11

### SUPPLEMENT TO DEBTOR'S DISCLOSURE STATEMENT, DATED JULY 1, 2010

Page 8 (Class C 1.) as filed shows no secured claims. That is in error. The IRS has a timely filed secured claim of $29,313.99 and the Nev. Dept. of Taxation has a timely filed secured claim of $131.00.

### SUPPLEMENT TO DEBTOR'S PLAN, DATED JULY 1, 2010

The Plan is supplemented at page 1 (Art. I - Summary and Art. II (Classification of Claims and Interests)) to show 2 classes of Secured Claims, to wit: IRS is Class 1A and Nev. Dept. of Taxation is Class 1B.

The Plan is also supplemented at page 3 to show Class IA and IB as unimpaired.

Amended pages of the Disclosure Statement and Plan are attached hereto.

Notice is hereby given that, pursuant to 11 USC 1127(a), the Bankruptcy Court will be requested to approve this Supplement at the time the Disclosure Statement and Plan are heard.

Dated July 29, 2010

_____See attached signature page_____  
Signature of PATRICIA EHLERS, MANAGING MEMBER (the Plan Proponent)

_____  
[Signature of JOHN WHITE, ESQ. the Attorney for the Plan Proponent]

B25B (Official Form 25B) (12/08)                                                     Page 1

# United States Bankruptcy Court
Reno   District of Nevada

In re: Never Enough Ballroom          Case No. 09-53082-GWZ
Debtor                               Small Business Case under Chapter 11

### SUPPLEMENT TO DEBTOR'S DISCLOSURE STATEMENT, DATED JULY 1, 2010

Page 8 (Class C 1.) as filed shows no secured claims. That is in error. The IRS has a timely filed secured claim of $29,313.99 and the Nev. Dept. of Taxation has a timely filed secured claim of $131.00.

### SUPPLEMENT TO DEBTOR'S PLAN, DATED JULY 1, 2010

The Plan is supplemented at page 1 (Art. I - Summary and Art. II (Classification of Claims and Interests)) to show 2 classes of Secured Claims, to wit: IRS is Class 1A and Nev. Dept. of Taxation is Class 1B.

The Plan is also supplemented at page 3 to show Class 1A and 1B as unimpaired.

Amended pages of the Disclosure Statement and Plan are attached hereto.

Notice is hereby given that, pursuant to 11 USC 1127(a), the Bankruptcy Court will be requested to approve this Supplement at the time the Disclosure Statement and Plan are heard.

Dated July 29, 2010

*Patricia Ehlers*
Signature of PATRICIA EHLERS, MANAGING MEMBER (the Plan Proponent)

_____
[Signature of JOHN WHITE, ESQ. the Attorney for the Plan Proponent]

1.   *Classes of Secured Claims: Class One*          **Page 8** *(Disclosure Statement)*

Class 1A:  Internal Revenue Service        $29,313.99  Unimpaired (This claim is treated in the Plan as a Priority Claim for payment purposes. It is noted that Debtor's assets are only $7,500).

Class 1B:  Nevada Dept. of Taxation.        $131.00 (unimpaired)


(The rest of this page is intentionally blank)

B25A (Official Form 25A) (12/08)

# United States Bankruptcy Court
District of Nevada

In re: Never Enough Ballroom                                Case No.09-53082-GWZ

Debtor

Small Business Case under Chapter 11

## DEBTORS'S PLAN OF REORGANIZATION, DATED JULY 1st, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Never Enough Ballroom (the "Debtor") from cash flow from operations, or future income].

This Plan provides for __2__ classes of secured claims; __2__ classes of unsecured claims; and __1__ class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 to 70 cents on the dollar. Timing and amount depends on debtor's ability to pay. This Plan also provides for the payment of administrative claims in full on the Effective Date. Priority Tax Claims are unclassified and will be paid in full over 5 years. Priority Wage Claims will be paid in full over 5 years.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1 There are two secured claims known at this time.

2.02 Class 2.  All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

B25A (Official Form 25A) (12/08) - Cont.     3 (Plan of Reorganization)

| Class | Impairment | Treatment |
|---|---|---|
| Class 1A (IRS) | Unimpaired | N/A |
| Class 1B (Nev. Dept. Taxation.) | Unimpaired | N/A |
| Class 2 - Priority Unsecured Claims (unpaid pre-petition wages) NONE | impaired | Class 2 is impaired by this Plan, and each holder of an allowed Class 2 Priority Claim will be paid in full in equal monthly payments starting 6 months after the Effective Date of this Plan. Not to exceed 5 years from order of relief. Class 2 claims will bear simple interest at the rate of 4% per annum or such other interest rate as required by law. |
| Class 3 - General Unsecured Creditors | Impaired | Equal monthly payments starting 6 months after the Effective Date of the Plan. Payments will include simple interest at the rate of 4% per annum on the allowed amount of the claim, provided however that, as an incentive to rapid payment, Debtor may pay allowed Class 3 Claims in full by paying 10% of the Class 3 claims within 6 months of the Effective Date; or 20% of the allowed Class 3 claims within 18 months of the Effective Date; or 40% of the allowed Class 3 claims within 30 months of the Effective Date; or 55% of the allowed Class 3 claims withing 42 months of the Effective Date or 75% of the allowed Class 3 claims within 54 months of the Effective Date. |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired. | N/A |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 <u>Settlement of Disputed Claims.</u> The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.