John White, Esq.,
SB #1741
335 West First Street
Reno, NV 89503
Telephone: (775) 322-8000
Facsimile: (775) 322-1228
john@whitelawchartered.com
Attorney for Never Enough Ballroom, LLC.

E-filed: October 21, 2010

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>NEVER ENOUGH BALLROOM, LLC., | CASE NO: BK-N-09-53082-gwz<br><br>Small Business Case Under Chapter 11<br><br>NOTICE OF ENTRY OF ORDER CONFIRMING PLAN |

PLEASE TAKE NOTICE THAT on October 8, 2010, an ORDER CONFIRMING PLAN was entered on this Court's docket. A copy of the same is attached hereto.

Dated this 21st day of October 2010.

WHITE LAW CHARTERED

by: John White, Esq.

*Page 1 - Notice of Entry of Order*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the attached NOTICE OF ENTRY OF ORDER was served on the following interested parties as follows:

X a. via ECF System, on the 21st day of October 2010:

    RICHARD G. HILL    greccelle@richardhillaw.com; cdetlie@richardhillaw.com

    U.S. Trustee - RN 11  USTPRegion17.RE.ECF@usdoj.gov

    John White on behalf of Debtor: john@whitelawchartered.com

X b. via United States mail, postage fully prepaid, on the 21st day of October, 2010, to the interested parties at the addresses listed on the attached mailing matrix, and, to :

    U.S. Trustee
    300 BOOTH STREET #2129
    RENO, NV 89509-1361

    The Clerk of the Court
    UNITED STATES BANKRUPTCY COURT
    (As courtesy copy for The Honorable Judge Gregg W. Zive)
    300 BOOTH STREET
    RENO, NV 89509-1361

    BIGGEST LITTLE CITY INVESTMENTS, l.p.
    C/O MAXUM LLC.
    3702 S. Virginia St. Unit G2
    Reno, NV 89502

I declare under penalty of perjury that the foregoing is true and correct.

    Signed on: October 21, 2010.

                                        *Araceli Gonzales*
                                Declarant, Araceli Gonzalez,
                                Employee, White Law Chartered

WHITE LAW CHARTERED
LAWYERS
OTH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

T (775) 322-8000
F (775) 322-1228

Page 2 - Notice of Entry of Order

**Entered on Docket**
**October 08, 2010**

_____
Hon. Gregg W. Zive
United States Bankruptcy Judge

John White, Esq., Bar #1741
335 West First Street
Reno, NV 89503
Telephone: (775) 322-8000
Facsimile: (775) 322-1228
john@whitelawchartered.com
Attorney for Never Enough Ballroom

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:

NEVER ENOUGH BALLROOM, LLC.,    CASE NO: BK-N-09-53082-gwz

Small Business case under
Chapter 11

ORDER CONFIRMING PLAN

Hearing Date: October 5, 2010
Hearing time: 2:00 p.m

Debtor-in-Possession.
_____/

    The plan under chapter 11 of the Bankruptcy Code filed by Debtor, Never Enough Ballroom, on July 1, 2010, as modified on July 29, 2010 (herein together the "Plan") having been transmitted to creditors and equity holders and duly set for hearing on October 5, 2010, and

    It having been determined after hearing on notice that the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under and has not accepted the Plan, and that the holder of any interest that is junior to the

WHITE LAW
CHARTERED
LAWYERS
OTH CENTURY BLDG
35 W. FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228

1

interests of the non-accepting class will not receive or retain under the Plan on account of such junior interest any property, and that the requirements for confirmation set forth in 11 U.S.C. Section 1129 (b) have otherwise been satisfied, and good cause appearing:

IT IS ORDERED that

1. The Plan is confirmed.

2. Administrative tax liabilities shall be paid in full on the Effective Date.

3. Secured tax claims and unsecured priority tax claims shall be paid in full in regular installment payments over a period of 5 years from the petition date, plus interest at the statutory rate, accruing from the Effective Date to the date of payment.

A copy of the Plan (with amended pages inserted) is attached.

Submitted on October 7, 2010 by:

WHITE LAW CHARTERED

By: _____
    John White, Esq.
Attorney for Debtor-in-possession

(Approved)/Disapproved

Internal Revenue Service

*See Attached signature page*
by: Rollin G. Thorley, Esq.

###

2

Case 09-53082-gwz   Doc 63   Entered 10/21/10 16:35:50   Page 5 of 15

OCT-07-2010 11:54 From:IRS  Case 09-53082-gwz   Doc 61   Entered 10/08/10 15:05:55   Page 3 of 10  7028585438   To:7753221228   P.4/5

1  interests of the non-accepting class will not receive or retain under the Plan on account of such
2  junior interest any property, and that the requirements for confirmation set forth in 11 U.S.C.
3  Section 1129(b) have otherwise been satisfied, and good cause appearing:
4  IT IS ORDERED that
5     1. The Plan is confirmed.
6     2. Administrative tax liabilities shall be paid in full on the Effective Date.
7     3. Secured tax claims and unsecured priority tax claims shall be paid in full in regular
8  installment payments over a period of 5 years from the petition date, plus interest at the
9  statutory rate, accruing from the Effective Date to the date of payment.
10 A copy of the Plan (with amended pages inserted) is attached.
11 Submitted on October 7, 2010 by:
12 
13 WHITE LAW CHARTERED
14 By: /s/ John White
15 John White, Esq.
   Attorney for Debtor-in-possession

Approved/Disapproved
Internal Revenue Service

/s/ Rollin Thorley
by: Rollin G. Thorley, Esq.

###

WHITE LAW
CHARTERED
LAWYERS
6TH CENTURY BLDG.
35 W. FIRST STREET
RENO, NV 89503

f (775) 322-8000
t (775) 322-1228

2

CERTIFICATION PURSUANT TO LR 9021

Counsel submitting this document certifies that the order accurately reflects the Court's ruling and that (check one):

___ The court has waived the requirements set forth in LR 9021 (b)(1).

_X_ No party appeared at the hearing or filed an objection to the Application.

___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the Application, and no parties appeared or filed written objections.

Dated this 7th day of October 2010.

WHITE LAW CHARTERED

JOHN WHITE, ESQ.

WHITE LAW
CHARTERED
LAWYERS
0TH CENTURY BLDG
35 W FIRST STREET
RENO, NV 89503

(775) 322-8000
(775) 322-1228

3

B25A (Official Form 25A) (12/08)

# United States Bankruptcy Court
### District of Nevada

In re: Never Enough Ballroom

Case No. 09-53082-GWZ

Debtor

Small Business Case under Chapter 11

## DEBTORS'S PLAN OF REORGANIZATION, DATED JULY 1st, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Never Enough Ballroom (the "Debtor") from cash flow from operations, or future income].

This Plan provides for __2__ classes of secured claims; __2__ classes of unsecured claims; and __1__ class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 10 to 70 cents on the dollar. Timing and amount depends on debtor's ability to pay. This Plan also provides for the payment of administrative claims in full on the Effective Date. Priority Tax Claims are unclassified and will be paid in full over 5 years. Priority Wage Claims will be paid in full over 5 years.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1 There are two secured claims known at this time.

2.02 Class 2. All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

1

**B25A (Official Form 25A) (12/08) - Cont.**                                    2

2.03 <u>Class 3</u>. All unsecured claims allowed under § 502 of the Code, if any.

2.04 <u>Class 4</u>. Equity interests of the Debtor (Members).

# ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims.</u> Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the Effective Date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims.</u> Each holder of a priority tax claim will be paid regular installment payments in cash—
(i) of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such claim (ii) over a period ending not later than 5 years after the date of the order for relief, and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim.

3.04 <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

# ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE Plan

4.01 Claims and interests shall be treated as follows under this Plan:

**B25A (Official Form 25A) (12/08) - Cont.**                        3 (Plan of Reorganization)

| Class | Impairment | Treatment |
|---|---|---|
| Class 1A (IRS) | Unimpaired | N/A |
| Class 1B (Nev. Dept. Taxation.) | Unimpaired | N/A |
| Class 2 - Priority Unsecured Claims (unpaid pre-petition wages) NONE | impaired | Class 2 is impaired by this Plan, and each holder of an allowed Class 2 Priority Claim will be paid in full in equal monthly payments starting 6 months after the Effective Date of this Plan. Not to exceed 5 years from order of relief. Class 2 claims will bear simple interest at the rate of 4% per annum or such other interest rate as required by law. |
| Class 3 - General Unsecured Creditors | Impaired | Equal monthly payments starting 6 months after the Effective Date of the Plan. Payments will include simple interest at the rate of 4% per annum on the allowed amount of the claim, provided however that, as an incentive to rapid payment, Debtor may pay allowed Class 3 Claims in full by paying 10% of the Class 3 claims within 6 months of the Effective Date; or 20% of the allowed Class 3 claims within 18 months of the Effective Date; or 40% of the allowed Class 3 claims within 30 months of the Effective Date; or 55% of the allowed Class 3 claims withing 42 months of the Effective Date or 75% of the allowed Class 3 claims within 54 months of the Effective Date. |
| Class 4 - Equity Security Holders of the Debtor | Unimpaired. | N/A |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed [by a final non-appealable order], and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02 <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on account of a disputed claim unless such claim is allowed [by a final non-appealable order].

5.03 <u>Settlement of Disputed Claims.</u> The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

B25A (Official Form 25A) (12/08) - Cont. 4

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 <u>Assumed Executory Contracts and Unexpired Leases.</u>

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the Effecive date of this Plan as provided in Article VIII:

    City Developers Inc. Sacramento, Ca. Debtor's current space lease.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or by order entered on or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than sixty (60) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE Plan

    Debtor has no ability to borrow. Therefore, all payments to be made under this plan will come out of cash flow generated by continued operations. Straight-line projections based on post-petition operations will not produce sufficient cash flow. Therefore, Debtor's current Members/Managers, Henry M. Feilen, Susan M. Feilen, and Patricia A. Ehlers, have recently started new advertising procedures. We have moved to the new building, got a street sign out to help people find us. We have created a new Never Enough Ballroom Face-Book page that we are starting to promote our classes. It is Debtor's opinion that all of these projects and the others stated in our Disclosure Statement will bring in the capital necessary to implement the Plan.

    Debtor has consulted with Linda Green, CPA at 253-370-9621. She has reviewed our Plan and our Projections. She found them to be realistic, feasible and workable. She is willing to appear before the court to discuss our Plan.

## ARTICLE VIII
## GENERAL PROVISIONS

    8.01 <u>Definitions and Rules of Construction.</u> The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

    8.02 <u>Effective Date of Plan.</u> The Effective Date of this Plan is the first judicial day of the sixth full month following the date of the entry of the order of confirmation.

**B25A (Official Form 25A) (12/08) - Cont.**                                5

    8.03 <u>Severability.</u> If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

    8.04 <u>Binding Effect.</u> The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

    8.05 <u>Captions.</u> The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

    8.06 <u>Controlling Effect.</u> Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Nevada govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

**ARTICLE IX**
**DISCHARGE**

B25A (Official Form 25A) (12/08) - Cont.                                    6

Discharge. On the confirmation date of this Plan, the debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

## ARTICLE X
## OTHER PROVISIONS

**None**

Respectfully submitted,

*(signature)*

Pat Ehers, Managing Member
Never Enough Ballroom, LLC (Plan Proponent)

White Law Chartered

By *(signature)*
John White, Esq. (Attorney for Plan Proponent)

Label Matrix for local noticing
0978-3
Case 09-53082-gwz
District of Nevada
Reno
Thu Dec 24 09:43:35 PST 2009

HILL PROPERTIES LTD.
Richard G. Hill, Chartered
652 Forest Street
Reno, NV 89509-1701

NEVER ENOUGH BALLROOM, LLC
3702 S. VIRGINIA STREET, #F
RENO, NV 89502-6043

United States Bankruptcy Court
300 Booth Street
Reno, NV 89509-1361

ADVANCE ME, INC.
2015 VAUGHN RD. BLDG. 500
KENNESAW, GA 30144-7831

AMERICAN EXPRESS
P.O. BOX 981535
EL PASO, TX 79998-1535

AMERICAN EXPRESS BANK FSB
C/O BECKET AND LEE LLP
POB 3001
MALVERN  PA 19355-0701

AMY GOOKIN
280 Galena Pines Rd
Reno, NV 89521-9722

ASCAP
2675 PACES FERRY RD. S.E. STE 350
ATLANTA, GA 30339-4087

AT & T ADVERTISING
P.O. BOX 989046
W. SACRAMENTO, CA 95798-9046

BHLS INVESTMENTS, LLC MINI STORAGE
P.O. BOX 7011
RENO, NV 89510-7011

BIGGEST LITTLE INVESTMENTS
C/O MAXUM LLC
3650 S. VIRGINIA ST. STE K2
RENO, NV 89502-6050

Bank of America
P.O.Box 25118
Tampa, FL 33622-5118

CAPITAL ONE/COLLECTCORP
P.O. BOX 101928
BIRMINGHAM, AL 35210-6928

CITY OF RENO
P.O. BOX 1900
RENO, NV 89505-1900

EDWARD JAMES ARTHUR STUTESMAN
415 RENO AVE., APT. C
RENO, NV 89509-2038

EDWARD STUTESMAN
413 RENO AVE. #C
RENO, NV 89509

GEORGIA WRIGHT
850 WYOMING AVE.
RENO, NV 89503-3319

HARRIET YOUNG
3485 SKYLINE BLVD.
RENO, NV 89509-5678

INTEGRA TELECOM
1201 NE LLOYD BLVD., STE. 500
PORTLAND, OR 97232-1259

INTEGRA TELECOM
200 S. VIRGINIA ST. STE. 400
RENO, NV 89501-2407

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

IRENE ROBLES
1690 MERCHANT ST. #1028
SPARKS, NV 89431-0947

IRENE ROBLES
5200 Los Altos Pkwy Apt #97
Sparks, NV 89436-7684

JACK E. KENNEDY, ATTY.
425 W. PLUMB LN.
RENO, NV 89509-3766

JEAN MACLYMAN
5795 PRIMULA WAY
RENO, NV 89511-9072

KIEV DENBY
4050 GARDELLA DR. APT 121
RENO, NV 89512-1029

KRXI-TV
4920 BROOKSIDE CT.
RENO, NV 89502-4102

Kiev Denby
855 Cambridge Way
Reno, NV 89511-1313

LUIS HURTADO
314 GREENBRAE DR.
SPARKS, NV 89431-3242

| | | |
|---|---|---|
| MICHELLE A. MICHELSEN<br>128 EVANS AVENUE<br>RENO, NV 89512 | NEVADA DEPARTMENT OF TAXATION, BANKRUPTCY SE<br>4600 Kietzke Ln., Suite L-235<br>Reno, NV 89502-5045 | NEVADA DEPT. OF EMPLOYMENT, TRAINING, & REHA<br>EMPLOYMENT SECURITY DIVISION<br>500 E. THIRD ST.<br>CARSON CITY, NV 89713-0002 |
| NEVADA LABOR COMMISSION<br>675 Fairview Dr. Suite #226<br>Carson City, NV 89701-5474 | NICOLAS RAEL<br>4720 Pershing Ave SE<br>Albuquerque, NM 87108-3438 | Nicolas Rael<br>37 Prescott St.<br>Attleboro, MA 02703-3313 |
| RAYMOND BOUAS<br>3250 PLUMAS ST. #03-306<br>RENO, NV 89509-4756 | RENO DISPOSAL/WASTE MGT.<br>100 VASSAR ST.<br>RENO, NV 89502-2815 | RICHARD HILL DBA HILL PROPERTIES LTD.<br>652 FOREST<br>RENO, NV 89509-1701 |
| SESAC<br>P.O. BOX 900013<br>RALEIGH, NC 27675-9013 | SIERRA PACIFIC POWER CO. DBA NV ENERGY<br>P.O. BOX 10100<br>RENO, NV 89520-0024 | STANLEY SECURITY<br>917 E. FIRST STREET<br>LAS VEGAS, NV 89101-6414 |
| STATE OF NEVADA, DEPT. OF MOTOR VEHICLES<br>ATTN: Legal Division<br>555 Wright Way<br>Carson City, NV 89711-0001 | SYNUX TECHNOLOGIES<br>4782 CAUGHLIN PKWY. STE 502<br>RENO, NV 89519-0992 | TAMERA MCVICKER<br>17650 S. RENO PARK BLVD. #64<br>RENO, NV 89508-8020 |
| TRUCKEE MEADOWS WATER AUTH.<br>1355 CAPITAL BLVD.<br>RENO, NV 89502-7140 | U.S. TRUSTEE - RN - 11<br>300 BOOTH STREET<br>SUITE 2129<br>RENO, NV 89509-1300 | UNITED STATES ATTORNEY<br>100 West Liberty Street #600<br>Reno, NV 89501-1930 |
| UNITED STATES TRUSTEE<br>300 Booth Street #2129<br>Reno, NV 89509-1360 | VETO RAMIREZ III<br>850 WYOMING ST.<br>RENO, NV 89503-3319 | YOUNG ELECTRIC SIGN CO.<br>775 E. GLENDALE AVE.<br>SPARKS, NV 89431-6408 |
| ZURICH AMERICAN INSURANCE COMPANY<br>ATTN: MARC QUIMET 9TH FLOOR, TOWER 2<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196-1091 | EDWARD STUTESMAN<br>2920 MILL ST<br>RENO, NV 89502-2105 | JOHN WHITE<br>335 W FIRST ST<br>RENO, NV 89503-5301 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

INTERNAL REVENUE SERVICE
P.O. Box 21126
DPN 781
Philadelphia, PA 19114

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)WHITE LAW CHARTERED

End of Label Matrix
Mailable recipients    53
Bypassed recipients     1
Total                  54